1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9   ERIC WARD,

10          Plaintiff,                    No. 2:13-cv-1312-EFB P
            vs.
11
    SOLANO COUNTY SHERIFF'S
12  DEPT., et al.,

13          Defendants.                   <u>ORDER</u>

14  _____/

15          Plaintiff is a county inmate proceeding pro se with this civil rights action under 42 U.S.C.

16  § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma

17  pauperis.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

18  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

19  and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

20  § 1915(b)(1) and (2).

21          Federal courts must engage in a preliminary screening of cases in which prisoners seek

22  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23  § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

24  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

25  relief may be granted," or "seeks monetary relief from a defendant who is immune from such

26  relief."  *Id.* § 1915A(b).

1    The court cannot conduct the required screening of plaintiff's complaint because plaintiff

2    has not signed it.  *See* ECF No. 1.  Rule 11 of the Federal Rules of Civil Procedure requires that

3    "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of

4    record in the attorney's name—or by a party personally if the party is unrepresented."  Fed. R.

5    Civ. P. 11(a).   Because plaintiff did not sign the complaint, it will be disregarded.  Within thirty

6    days, plaintiff shall file a signed complaint.   That complaint must identify each defendant in

7    both the caption and the body, and clearly set forth the allegations against each such defendant.

8    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, any complaint must include "a short

9    and plain statement of the claim" showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2).

10    Plaintiff is also hereby informed that it is his responsibility to allege facts to state a

11    plausible claim for relief.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Moss v. U.S. Secret*

12    *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  In order to state a claim under 42 U.S.C. § 1983, a

13    plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that

14    the violation was committed by a person acting under the color of state law.  *See West v. Atkins*,

15    487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

16    A complaint must show that the federal court has jurisdiction and that plaintiff's action is

17    brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and

18    must contain a request for particular relief.  Plaintiff must identify as a defendant only persons

19    who personally participated in a substantial way in depriving plaintiff of a federal constitutional

20    right.  *Johnson*, 588 F.2d at 743-44 (9th Cir. 1978) (a person subjects another to the deprivation

21    of a constitutional right if he does an act, participates in another's act or omits to perform an act

22    he is legally required to do that causes the alleged deprivation). That is, plaintiff may not sue any

23    official on the theory that the official is liable for the unconstitutional conduct of his or her

24    subordinates.  *Iqbal*, 129 S. Ct. at 1948.  Because respondeat superior liability is inapplicable to

25    § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the

26    official's own individual actions, has violated the Constitution."  *Id.*

Accordingly, the court hereby orders that:

1.  Plaintiff's request to proceed in forma pauperis is granted.

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Solano County Sheriff filed concurrently herewith.

3.  The complaint (ECF No. 1) is disregarded.   Plaintiff may file a new complaint within 30 days.  Failure to comply with this order will result in a recommendation of dismissal.  If plaintiff files a complaint stating a cognizable claim, the court will proceed with service of process by the United States Marshal.

Dated:  July 18, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE